FILED
 2012 Jan-23  AM 10:27
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MERLE W. TEMPLE, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:11-cv-02130-IPJ-JEO** |
| **THE UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION

On June 22, 2011, petitioner Merle W. Temple, Jr., a federal prisoner currently incarcerated at the Federal Prison Camp in Talladega, Alabama, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Based on the limited facts before the court, it appears that Temple pleaded guilty to several charges of conspiracy in the Northern District of Georgia and then on September 11, 2006, received a sentence of 97 months imprisonment followed by 36 months of supervised release. (Doc. 1 at 3-5) (citing Case no. 1:04-CR-568). In the instant petition, he seeks a corrected sentence based on *Skilling v. United States*, 130 S. Ct. 2896 (2010), as well as a reduction in his sentence due to his alleged diminished capacity. In response, the United States moves the court to dismiss the petition with prejudice for failure to state a claim under § 2241, or, in the alternative, to construe the petition under 28 U.S.C. § 2255 and transfer it to the Northern District of Georgia. (Doc. 7 at 3).

The United States first argues that Temple has improperly named it as a respondent to the petition because the only proper respondent to a § 2241 petition is the Warden of the prison where the petitioner is detained. Nevertheless, the United States further asserts that, even if Temple had named a proper respondent, the petition is due to be dismissed because Temple failed to properly

invoke or qualify the savings clause of § 2255 and, therefore, cannot file a petition under § 2241. The United States notes that, at the time Temple filed the instant petition, Temple had not previously filed a § 2255 and that he was within one year of *Skilling* and, therefore, within the statute of limitations to file a petitioner under § 2255.  *See* 28 U.S.C. § 2255(f)(3).

In reply, Temple contends that his petition is proper under § 2241 and that "all that is required is for Temple to amend the style of the cause to name the warden of the federal prison in Alabama as the respondent." (Doc. 9).  The court disagrees.

"Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255." *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Under the savings clause of § 2255, a federal prisoner may file a § 2241 petition to challenge his sentence if he establishes that an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." § 2255(e).  To meet this requirement, the Eleventh Circuit has held that the prison must show: "1) th[e] claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  Only if the petitioner "opens the portal" to a § 2241 petition by establishing these three elements may he proceed to argue the merits of his claim. *Id.* at 1244 n.3.

Here, Temple cannot demonstrate the third element, *i.e.*, that the Eleventh Circuit has foreclosed his claims.  At the time Temple filed the instant petition, he could have timely filed a § 2255 petition and he now fails to provide the court with any reason why he failed to do so. Therefore, he has not established that § 2255 is inadequate to challenge his sentence.  Consequently,

he has not properly invoked the savings clause, and the instant petition is due to be construed as a § 2255 petition and transferred to the Northern District of Georgia.  To find otherwise would allow Temple to circumvent the requirements of § 2255.  An appropriate order will be entered.

**DONE** this the 23rd day of January 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE